**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TERESA ANDRE-HOPPER,** | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | **CIVIL NO. 1:25-CV-646-ADA-ML** |
| | § | |
| **OPTIV SECURITY INC.,** | § | |
| *Defendant.* | § | |

<u>**JOINT DISCOVERY/CASE MANAGEMENT PLAN**</u>

Pursuant to the Court's Docket Control Order (Doc. 6) and Local Rule CV-16(d), Plaintiff

Teresa Andre-Hopper and Defendant Optiv Security Inc. (collectively, "the Parties") file this Joint

Discovery/Case Management Plan.

**1.    What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

<u>Plaintiff's Position:</u>

The cause of action is breach of contract. The elements of the breach-of-contract claim are (1) the existence of a valid contract, (2) performance by the plaintiff, (3) failure to perform by the defendant, and (4) damages sustained by the plaintiff.

<u>Defendant's Position:</u>

Defendant categorically denies that Plaintiff's allegations have any merit and further denies that Plaintiff has a viable breach of contract action against it for purported unpaid commissions.

**2.    Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   **a.    Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

The parties agree.

   **b.    If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

Not applicable, as the parties are an individual and a corporation.

3.      **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

4.      **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None at this time.

5.      **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

None at this time.

6.      **Are there any issues about preservation of discoverable information?**

None at this time.

7.      **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

None at this time. In general, electronically-stored information should be produced in pdf format or in the format in which the documents are maintained in the ordinary course of business.

8.      **What are the subjects on which discovery may be needed?**

The Parties anticipate taking discovery on all merits-based issues presented in this case related to Plaintiff's claim for breach of contract and applicable defenses asserted by Defendant.

9.      **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Initial disclosures have not been made. The Parties will exchange their Initial Disclosures by July 2, 2025. No changes are needed in the timing, form, or requirement for initial disclosures.

10.     **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed to date. The Parties will exchange their Initial Disclosures by July 2, 2025. The Parties anticipate exchanging written discovery and taking depositions. The Parties have proposed a discovery deadline in their proposed scheduling order. The Parties do not see a need to conduct discovery in phases or to agree to limit discovery at this time.

**11.      What, if any, discovery disputes exist?**

None at this time.

**12.      Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties anticipate entering into an agreed confidentiality and protective order consistent with the Court's form order, which will include a proposed Rule 502 order.

**13.      Have the parties discussed early mediation?**

At this early stage, the parties have not engaged in discussions related to the possibility of mediating this dispute. The parties will endeavor to recognize, in good faith, if an opportunity for a productive mediation arises in the future.

**14.      Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The Parties anticipate entering into an agreed confidentiality and protective order consistent with the Court's form order. There are no other scheduling or discovery items requiring the Court's attention at this time.

Dated:  June 18, 2025

Respectfully submitted,


_/s/ Matt Bachop_

Matt Bachop
TBN: 24055127
DEATS DURST & OWEN, PLLC
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
(512) 474-6200
FAX (512) 474-7896
mbachop@ddollaw.com

**ATTORNEY FOR PLAINTIFF**

_/s/ Derek A. McKee_

**Derek A. McKee**
Texas State Bar No. 24108765
dmckee@polsinelli.com
**Tiffani A. Skroch**
Texas State Bar No. 24143413
tskroch@polsinelli.com
POLSINELLI PC
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 661-5520
Facsimile: (214) 292-9487


**Robert J. Hingula***
_(*pro hac vice forthcoming)_
Missouri State Bar No. 24108765
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
Email: rhingula@polsinelli.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2025 a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system.


*/s/ Matt Bachop*
Matt Bachop